UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FRANKLIN D. FURY ) | CASE NO. 5:11CV1660 |
|     Plaintiff, ) | JUDGE JOHN R. ADAMS |
|   -vs- ) | |
| ) | MEMORANDUM OF OPINION |
| COMMISSIONER ) | AND ORDER |
| OF SOCIAL SECURITY ) | |
|     Defendant. ) | |

This matter comes before the Court on objections filed by Plaintiff Franklin Fury to the Report and Recommendation ("R&R") of the Magistrate Judge. This action as referred to the Magistrate judge for an R&R on Plaintiff's Appeal of the Social Security Administration's decision that he was not disabled. June 1, 2012, Magistrate Judge Magistrate Judge Vecchiarelli issued an R&R recommending that the Commissioner's decision be affirmed. Plaintiff timely objected, and the Commissioner did not respond to the objections.

For the reasons stated below, the objections are granted. The Court declines to adopt the Magistrate Judge's R&R and the issue is remanded.

I.    **Standard of Review**

The District Court conducts a de novo review of those portions of a Magistrate Judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). In social security cases, ultimate judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.,* 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence

1

supports the Commissioner's decision, this Court will defer to that fact finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

## II. Plaintiff's Objections

### a. The ALJ was required to consider and analyze listing 12.05C.

Plaintiff initially argues that that Magistrate Judge noted that the ALJ did not explicitly mention or discuss Listing 12.05 in 20 C.F.R. part 404, Subpart P, Appendix 1.  The Magistrate Judge concluded that "[a]s Plaintiff failed to present sufficient evidence that he met or medically equaled Listing 12.05 and failed to raise the issue before the ALJ, and because substantial evidence supports the ALJ's conclusion that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment in the Listings, this assignment of error is not well taken."

> Listing 12.05(C) requires "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., ... onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C). To meet the requirements of Section 12.05(C), *a claimant must show*: (1) a valid verbal, performance, or full-scale IQ of 60 through 70; and (2) a physical or other impairment imposing an additional and significant work-related limitation of function. Id.; *Jones v. Barnhart*, 335 F.3d 697, 699 (8th Cir.2003).

(Emphasis Added.)

#### i. Issue Exhaustion

The Magistrate Judge concluded, in part that because the Plaintiff failed to raise this argument below that he is precluded from arguing it here.  The Court agrees that this issue was not fully articulated before the ALJ.  As such, it is understandable that the focus of the ALJ's report was fully concentrated on the arguments as presented.  However, the Plaintiff *did* raise the application of the listing in his notice of appeal to the review board.  Specifically, in Plaintiff's

2

memorandum in support of his application for review by the appeals council, Plaintiff stated in pertinent part that

> "This ALJ has found that claimant suffers from at least three severe impairments that impact his ability to perform substantial, gainful activity independent of any issue with regards to drug and alcohol additions… The ALJ has failed to consider a Listing at 12.05(C). Exhibit 6F is a consultative examination performed by Dr. James Lyall, performed on March 18, 2008. Dr. Lyall reports that claimant has a full scale level of 69. Based on this IQ level and the ALJ's finding of at least three severe impairments; to wit; depression, tremors, and seizure disorders with headaches, it is submitted that the claimant is entitled to disability benefits from the date of the onset to the present."

Even if the Court were to ignore the fact that the argument was raised at the administrative level, the Court could not conclude that the Plaintiff's failure to raise this specific argument precludes him from raising it here.

The United States Supreme Court has explained that "it is common for an agency's regulations to require issue exhaustion in administrative appeals." *Sims v. Apfel*, 530 U.S. 103, 108 (2000). The Court went on to note, however, that that there is no requirement for issue exhaustion in the SSA regulations. Specifically, the Court stated that "SSA regulations do not require issue exhaustion. (Although the question is not before us, we think it likely that the Commissioner could adopt a regulation that did require issue exhaustion.)" *Id.* Neither the Commissioner nor the Magistrate Judge pointed to anything in the regulations that would have required Plaintiff to raise this at the initial phase of his application or point to any new regulation that has been promulgated since the Court made this bold statement. As such, this Court cannot conclude that the argument presented herein was forfeited.

    i. **Threshold for Consideration of listing 12.05(C)**

The Sixth Circuit Court of Appeals has held that a failure by the Appeals Council to analyze a claimant's potential mental retardation under the terms of § 12.05(C) was an error that provided grounds for remand. *Abbott v. Sullivan*, 905 F.2d 918, 924–25 (6th Cir.1990). Other district courts in the Sixth Circuit have construed *Abbot* to require the ALJ to "expressly analyze Plaintiff's impairments under § 12.05(C) because the record contained IQ scores under 70. See 905 F.2d at 925. *Abbott* dictates that an ALJ's failure to follow the procedural requirement of explaining in the narrative decision why a claimant with IQ scores under 70 does not have an impairment or combination of impairments that meets or equals the definition of mental retardation under § 12.05(C) is grounds for remand. Id." *Isham v. Astrue*, 2010 WL 1957362, 6 (E.D.Tenn. Jan 13, 2010). In other words, the *Isham* Court concluded that *Abbott* created a mandatory procedural requirement.[1] *Id.*

Finally, Courts in this district have upheld the conclusion in *Isham*. See *Warran ex rel AF v. Comm'r of Soc. Sec.*, 3:09CV1453, 2011 WL 1085883 (N.D. Ohio, Mar. 22, 2011), despite the Plaintiff's failure to argue below that he was mentally retarded pursuant to the Listing.[2] In *Warran*, the court explained that it interpreted "*Isham*—and by extension *Abbott*—as setting out a bright-line rule that, where an IQ score below 70 exists in the record, and such score being the lowest of the scores derived from a single test, the ALJ must provide a specific analysis under the mental retardation listing as to whether the claimant is mentally retarded or not, regardless of how the claim was argued, with failure to do so requiring remand." *Id.* at *3.

The Commissioner contends that the holding in *Abbot* did not create a brightline rule that an ALJ must consider the listing whenever there is an IQ score under 70. The Commissioner

---

[1] The failure to follow certain procedural requirements governing the ALJ's decisionmaking "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Blakley v. Comm'r of Soc. Sec.*, No. 08–6270, 2009 WL 3029653 at *7 (6th Cir. September 24, 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir.2007)).

[2] The *Warran* Court notes that "although *Isham* addressed the mental retardation listing at § 12.05(C) applicable to an adult claimant, the listing at § 112.05(D) applicable to a child is in relevant part identical."

4

points to *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001) to show that the Sixth Circuit clarified that a qualifying IQ score, even in combination with other severe impairments does not without more, satisfy the listing. Indeed, the *Foster* Court noted that "A claimant must demonstrate that h[is] impairment satisfies the diagnostic description for the listed impairment in order to be found disabled thereunder." Other district courts have explained that, under *Foster*, a "claimant must also meet the elements of the listing's 'diagnostic description'—viz., 'significantly subaverage general intellectual functioning with deficits in adaptive functioning before age 22.' Id. at 354–55 (internal quotes omitted). In light of Foster, I CONCLUDE that an IQ score of 70 or less may not always raise a substantial question as to whether a claimant is mentally retarded." *McClellan v. Astrue*, 804 F.Supp.2d 678, 690-91 (E.D. Tenn., 2011).

While the Commissioner's arguments that the Plaintiff's IQ *alone* may not be enough to mandate a remand may have merit, it is not an argument that this Court is required to decide at this time. In the instant case, Plaintiff has pointed to evidence that could create an issue as to whether Plaintiff can satisfy the requisite element of a deficit of adaptive functioning before age 22. For example, evidence in the record indicates that Plaintiff attended special education classes throughout school. Further, Dr. Lyall concluded that Plaintiff functioned within the lower borderline range of intelligence.

Accordingly, Plaintiff's first objection is well taken. Because an IQ score of 69 exists in the present record, along with other evidence to support the application of Listing 12.05(C), and the ALJ did not expressly analyze Listing 12.05(C), this Court remands for this consideration.

> b. *The Magistrate Judge was incorrect to find that there was substantial evidence to find Plaintiff was not disabled under listing 12.05C*

The Commissioner contends that "Plaintiff essentially seeks for this Court to take the same evidence that led the ALJ to find that he could perform a reduced range of light work prior

5

to June 30, 2012, and re-weigh the evidence to find that Plaintiff was disabled within the meaning of the Act because he was mentally retarded."  The Commissioner and the Magistrate Judge acknowledge that the ALJ did not consider Listing 12.05(C). Despite this recognition, both continue on to conduct the analysis that the ALJ should have conducted, all the while warning this Court against conducting a de novo review of the evidence.

However, to complete the analysis that the Commissioner is suggesting at this time- to apply the facts of this case to Listing 12.05(C) for the *first time* and conclude that it does not apply- would be a de novo review.  As such, this Court is constrained from considering the argument.  Because, as explained above, Plaintiff did raise the application of Listing 12.05 (C) at the administrative level and the application was not made at that time, this Court must remand for consideration.

The Plaintiff's objections are well taken.  The Court DECLINES to adopt the Magistrate Judge's Report and Recommendation.  The matter is remanded to the Commissioner for consideration of Listing 12.05(C).

IT IS SO ORDERED.

Dated:  September 26, 2012                             */s/ John R. Adams*_____
                                                                        UNITED STATES DISTRICT JUDGE